UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                            Case No.: 8:17-cr-606-WFJ-CPT

ANTHONY JOHAN MERO MERO
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Anthony Johan Mero Mero, USM#: 69785-018, moves (Dkt. 100) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 22, 2018, Anthony Johan Mero Mero was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) to 120 months. Mr. Mero Mero's total offense level was 35. He was assessed no criminal history points, and his criminal history was category I. The offense carried a mandatory minimum of ten years, which the Court noted in sentencing. Mr. Mero Mero's advisory sentencing range was 168-210 months, and he received a sentence well below the advisory range. The Court granted the Government's motion for a two-level downward departure for substantial assistance (5K1.1) and varied downward based on his age (21 years old at the time of the crime, which is much

younger than his two co-defendants) and his impoverished background. The Bureau of Prisons reports that his projected release is September 26, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Anthony Johan Mero Mero is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135. The Federal Defender appears, confirms Anthony Johan Mero Mero's eligibility for a reduction, and moves unopposed to reduce his sentence to 108 months (the low end of the amended guideline range). The Federal Defender argues that Mr. Mero Mero grew up in an impoverished area, received no financial support from his parents starting at age 11, and is married with a young daughter.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and finds those factors militate against a reduction in sentence. Defendant is a native of Ecuador and the U.S. Coast Guard interdicted the go-fast vessel 100 nautical miles west of Colombia. As part of the smuggling venture, Defendant was

hired as the navigator-captain due to his fishing experience and ability to use a GPS unit. On board the vessel were 18 bails of cocaine weighing 821 kilograms.

The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion to be denied. The current sentence is in line with those factors, specifically and properly reflecting the "nature and circumstances of the offense" after input and consideration of the present motion, and after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing. *See id.* at (a)(1) (consideration of nature and circumstances of the offense). To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Movant received both a downward departure and variance. He was sentenced to the lowest permissible sentence—10 years—a statutory mandatory minimum term.

Mr. Anthony Johan Mero Mero's motion (Dkt. 100) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 3, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE